**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| JUSTIN ALLSUP, on Behalf of Himself and All Other Persons Similarly Situated, | ) ) ) | Case No. |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| WALGREEN Co., | ) ) | |
| Defendant. | ) ) ) ) ) | **JURY TRIAL DEMANDED** |

**CLASS ACTION COMPLAINT FOR DAMAGES,
EQUITABLE, DECLARATORY AND INJUNCTIVE RELIEF**

Plaintiff Justin Allsup ("Plaintiff"), by his attorneys, alleges upon personal knowledge as to his own acts, and as to all other matters upon information and belief based upon, *inter alia,* the investigation made by and through his attorneys.

## INTRODUCTION

1.      Plaintiff brings this action on behalf of himself and a class of all customers in the United States who purchased Walgreen Co. ("Walgreens" or the "Company") Finest Nutrition Ginko Biloba, St. John's Wort, Ginseng, Garlic, and Echinacea.  (the "Class").

2.      Plaintiff and the Class have been harmed by Walgreens' mislabeling and improper marketing of certain of its herbal supplements, including Walgreen's branded Finest Nutrition St. John's Wort (the "Supplements").[1]  In particular, and as alleged in greater detail below, Walgreens makes certain claims about the ingredients used in the Supplements. However, when the Supplements are subjected to quantitative nutrient analyses, the results show that the Supplements do not contain any of the ingredients listed on the product label.  For these reasons and those discussed more fully below, Plaintiff seeks damages, equitable relief and/or disgorgement on behalf of himself and the proposed Class.

3.      Plaintiff asserts claims individually and on behalf of all others similarly situated under the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS § 505/1 et seq.  Additionally, Plaintiff alleges that defendants' conduct constituted unjust enrichment.

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2), because the matter in controversy, upon information and belief, exceeds $5,000,000, exclusive of interests and costs, and this matter is a class action in which Class members are citizens of a different state than that of defendants.  As such, the amount in controversy exceeds the jurisdictional minimum of this Court.

---

[1]  The Supplements include Defendant's Finest Nutrition branded Ginko Biloba, St. John's Wort, Ginseng, Garlic, and Echinacea.

5.      Further, this Court has jurisdiction over Walgreens named herein because Defendant does sufficient business in Illinois, has sufficient minimum contacts with Illinois or otherwise intentionally avail itself of the markets within Illinois through sales and marketing to render the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.  Defendant's entity address is 200 Wilmot Road, Deerfield, IL 60015.

6.      Venue is also proper in this Court pursuant to 28 U.S.C. § 1391, because the acts of Defendant occurred in this Judicial District.  Moreover, the misconduct at issue had effects in this County.  Venue is also proper in this County because Defendant maintains numerous retail stores within this County.

## THE PARTIES

7.      Plaintiff Justin Allsup purchased Walgreen's branded Finest Nutrition St. Johns Wort and was damaged by Defendant's mislabeling and improper marketing of this herbal supplement as alleged herein.  Plaintiff is currently a resident of Fairview Heights, Illinois.

8.      Defendant Walgreens, which distributes herbal supplements under the brand name Finest Nutrition, is a corporation based in Illinois, with its website located at www.walgreens.com.  Walgreens, together with its subsidiaries, operates a network of drugstores in the United States. It provides consumer goods and services, pharmacy, and health and wellness services through drugstores, as well as through mail, and by telephone and online. The company sells prescription and non-prescription drugs; and general merchandise, including herbal supplements.  As of October 20, 2014, it operated 8,207 locations in 50 states, the District of Columbia, Puerto Rico, and the U.S. Virgin Islands.

## CLASS ACTION ALLEGATIONS

9.      Plaintiff brings this lawsuit, both individually and as a class action on behalf of similarly situated customers of Walgreens, pursuant to *Federal Rules of Civil Procedure* 23(a) and (b).  The proposed Class consists of:

> All individuals in the United States who purchased Walgreens branded
> Finest Nutrition Ginko Biloba, St. John's Wort, Ginseng, Garlic, and
> Echinacea. Excluded from the proposed Class are Defendant, its respective

officers, directors, and employees, and any entity that has a controlling interest in Defendant. Plaintiff reserves the right to amend the Class definition as necessary.

10.    **Numerosity**:  Upon information and belief, the Class comprises thousands of consumers throughout the United States and is so numerous that joinder of all members of the Class is impracticable.  While the exact number of Class members is presently unknown and can only be ascertained through discovery, Plaintiff reasonably believes that there are at least tens of thousands of Class members.

11.    **Common Questions of Law and Fact Predominate:** There are questions of law and fact common to the Class, which predominate over any individual issues, including, but not limited to:

(A)    Whether Defendant engaged in the conduct alleged herein;

(B)    Whether Defendant's practices were deceptive, unfair, improper and/or misleading;

(C)    Whether Defendant's conduct as alleged herein constitutes unjust enrichment;

(D)    Whether Defendant's conduct as alleged herein violated the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS § 505/1 et seq.;

(E)    Whether Defendant's conduct as alleged herein resulted in unjust enrichment to the detriment of the Class;

(F)    Whether Plaintiff and Class members have sustained monetary loss and the proper measure of that loss; and

(G)    Whether Plaintiff and Class members are entitled to declaratory and injunctive relief.

12.    **Typicality**: Plaintiff's claims are typical of the claims of the members of the Class.  Plaintiff and all members of the Class have been similarly affected by Defendant's

common course of conduct since they all relied on Defendant's representations concerning its products and purchased the products based on those representations.

13.     **Adequacy of Representation**: Plaintiff will fairly and adequately represent and protect the interest of the Class. Plaintiff has retained counsel with substantial experience in handling complex class action litigation. Plaintiff and his counsel are committed to prosecuting this action vigorously on behalf of the Class and have the financial resources to do so.

14.     **Superiority of the Class Action**: A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit, because individual litigation of the claims of all Class members is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Class are likely in the millions of dollars, the individual damages incurred by each Class member resulting from Defendant's wrongful conduct are too small to warrant the expense of individual suits. The likelihood of individual Class members prosecuting their own separate claims is remote, and even if every Class member could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases. Individual members of the Class do not have a significant interest in individually controlling the prosecution of separate actions, and individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments, and would magnify the delay and expense to all of the parties and to the court system because of multiple trials of the same factual and legal issues. Plaintiff knows of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action. In addition, Defendant has acted or refused to act on grounds generally applicable to the Class and, as such, final injunctive relief or corresponding declaratory relief with regard to the members of the Class as a whole is appropriate.

15.     Unless a class is certified, Defendant will retain monies they took from Plaintiff and the proposed Class by means of its unlawful conduct. Unless an injunction is issued, Defendant will continue to commit the alleged violations, and the members of the Class and the general public will continue to be misled.

## **FACTUAL ALLEGATIONS**

16.     The herbal supplement marketplace is one of the fastest growing segments of the health food industry.  There are currently more than 1,000 companies producing medicinal plant products with annual revenues in excess of $60 billion.

17.     The challenging financial climate is squeezing profit margins in the herbal supplement marketplace and exacerbating the propensity for contamination, fraudulent ingredient substitution and the use of fillers not listed in the ingredient labels. This comes at a time when consumers are becoming increasingly concerned about the authenticity of the products they purchase. North America is a major provider of goods such as herbal supplements, a commodity that has come under scrutiny recently in the media due to product substitution.

18.     According to the World Health Organization (WHO), the adulteration of herbal supplements is a threat to consumer safety.

19.     In 2013, Canadian researchers, using a test called DNA barcoding, a kind of genetic fingerprinting, tested 44 bottles of popular herbal supplements sold by 12 companies. They found that many of these supplements were not what they claimed to be, and that pills labeled as popular herbs were often diluted — or replaced entirely — by cheap fillers like soybean, wheat and rice.

20.     Recently, the New York State attorney general's office announced that they had conducted tests on top-selling store brands of herbal supplements at four national retailers — GNC, Target, Walgreens and Walmart — and found that four out of five of the products did not contain any of the herbs on their labels. The tests showed that pills labeled medicinal herbs often contained little more than cheap fillers like powdered rice, asparagus and houseplants, and in some cases substances that could be dangerous to those with allergies.

21.     The types of herbal supplements tested, which are also the subject of this complaint, are not subject to F.D.A.'s premarket review or approval requirements for safety and effectiveness, nor to the agency's rigorous manufacturing and testing standards for drugs.

22.     Under the store brand "Finest Nutrition," Walgreens sells Ginko Biloba, St. John's Wort, Ginseng, Garlic, and Echinacea pills.

23.     Defendant's Finest Nutrition Ginko Biloba, St. John's Wort, Ginseng, Garlic, and Echinacea were part of the New York attorney general's herbal supplement testing. The NY attorney general's office analyzed the products using DNA bar coding. The tests revealed that these particular herbal supplements did not contain the herb listed on the label and in some cases contained ingredients not listed on the product label.

24.     Even if the Finest Nutrition Ginko Biloba, St. John's Wort, Ginseng, Garlic, and Echinacea did actually contain the primary herb listed on the label (they do not), these herbal supplements would still be falsely and deceptively labeled.

25.     For example, all available, reliable, scientific evidence demonstrates that St. John's Wort is ineffective in the improvement of mood and memory, and provides no benefits related to cognitive function, contrary to what is claimed on the bottle.

### Plaintiff's Purchase of the Supplements

26.     Plaintiff purchased Walgreens' Finest Nutrition brand of St. John's Wort within the last two years based on the representations on the product label. Plaintiff purchased Walgreens' Finest Nutrition brand of St. John's Wort from one of Walgreen's stores located in Fairview Heights, Illinois.

27.     Plaintiff relied upon the representations on the products' labels to his detriment.

28.     Had Defendant's Finest Nutrition brand of St. John's Wort been accurately and properly labeled and marketed, Plaintiff would not have bought this herbal supplement.

29.     Walgreens mislabeled and failed to disclose the true nature of the Walgreens' Finest Nutrition brand of St. John's Wort, and Walgreens sold this herbal supplement. Walgreens' Finest Nutrition brand of St. John's Wort has no monetary value and is worthless.

30.     Plaintiff and the Class have been damaged by the false and deceptive labeling on Walgreens' Finest Nutrition brand of St. John's Wort and the Supplements. Plaintiff and the Class are entitled to a return of the purchase price paid for the worthless Supplements.

**FIRST CAUSE OF ACTION**

**VIOLATION OF THE ILLINOIS CONSUMER FRAUD AND DECEPTIVE**

**BUSINESS PRACTICES ACT, 815 ILCS § 505/1, et seq.**

31.     Plaintiff, on behalf of himself and on behalf of all others similarly situated, realleges and incorporates herein by reference each of the foregoing paragraphs.

32.     Plaintiff brings this claim against Defendant for violations of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS § 505/1 et seq., on his own behalf and on behalf of all Illinois Sub-Class members who purchased Walgreens' Finest Nutrition brand of St. John's Wort as well as the Supplements.

33.     Plaintiff and members of the Illinois Sub-Class are "person[ s]" as defined under the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS § 505/1.

34.     Walgreens' Finest Nutrition brand of St. John's Wort and the Supplements provided by Defendant, complained of herein, constitute "trade," and/or "commerce," as such terms are defined under the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS § 505/1

35.     Defendant violated the Illinois Consumer Fraud and Deceptive Business Practices Act by mislabeling its Finest Nutrition brand of St. John's Wort and Supplements as containing ingredients they did not have and containing ingredients Defendant did not disclose.

36.     The Illinois Consumer Fraud and Deceptive Business Practices Act prohibits unfair or deceptive acts or practices in connection with trade and commerce, as follows:

> Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact, or the use or employment of any practice described in Section 2 of the "Uniform Deceptive Trade Practices Act", approved August S, 1965, in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby.

815 ILCS § 505/2.

37.     Plaintiff and the Illinois Sub-Class members are entitled to relief under the Illinois Consumer Fraud and Deceptive Business Practices Act.

38.     As a direct and proximate result of Defendant's violations of the Illinois Consumer Fraud and Deceptive Business Practices Act, Plaintiff and the Illinois Sub-Class members have suffered and will continue to suffer monetary damages including, but not limited to, amounts paid to Defendant for its Finest Nutrition brand of St. John's Wort and Supplements, which Plaintiff and the Illinois Sub-Class members could have avoided had Defendant truthfully labeled its Finest Nutrition brand of St. John's Wort and Supplements.

39.     The conduct described above constitutes unfair or deceptive trade practices predominately and substantially affecting the conduct of trade or commerce throughout the United States in addition to violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS § 505/1 and other similar state statutes prohibiting unfair and deceptive acts and practices (collectively "DTPA"). Other similar state statutes include:

Alabama: Ala. Code §8-19-5

Alaska: Alaska Stat. §45-50-471, et seq.

Arkansas: Ark. Code Ann. §4-88-101, et seq.

Arizona: Ariz. Rev. Stat. §44-1522, et seq.

California: Cal. Civ. Code §§ 1780 - 1784, Business and Profession Code § 17200, et seq., § 17500, et seq.

Connecticut: Conn. Gen. Stat. Ann. §§42-11 Oa - 42-11 Og

Colorado: Col. Rev. Stat. §§6-1-101 - 6-1-114

Delaware: 6 Del. Code. Ann. §§2511 - 2537

District of Columbia: D.C. Code Ann. §§28-3801 - 28-3819

Florida: Fla. Stat. Ann. §§501.201 - 501.213

Georgia: Ga. Stat. § 10-1-393, et. seq.

Hawaii: Hawaii Rev. L. §§480-1 - 480-24

Idaho: Idaho Code §§48-601 - 48-619

Illinois: 815 IL CS *50512*

Indiana: Ind. Code §24-5-0.5, et. seq.

Iowa: Iowa Code §714.16

Kansas: Kan. Gen. Stat. Ann. §§50-623 - 50-644

Kentucky: Ky. Rev. Stat. Ann. §§367.110-367.990

Louisiana: La. Rev. Stat. Ann. §§13:1401 - 13:1418

Maine: Me. Rev. Stat. Ann. §§206 - 214

Maryland: Md. Code Ann. §§13-501

Massachusetts: Mass. Gen. L. Ann. Ch. 93A. §§ 1-11

Michigan: Mich. Stat. Ann. §19.418(B)

Minnesota: Minn. Stat. Ann. §§325D.09 - 325D.16

Mississippi: Miss. Code §75-24-5, et. seq.

Missouri: Mo. Ann. Stat. §§407.01O - 407.701

Montana: Mont. Rev. Code Ann. §§30-14-101 -30-14-224

Nebraska: Neb. Rev. Code §§59-1501 - 59-1623

Nevada: Nev. Rev. Stat. §§590A.OI0 - 590A.280

New Hampshire: N.H. Rev. Stat. Ann. §358-A:2

New Jersey: N.J. Rev. Stat. §§56:8-1 - 56:8-24

New Mexico: N.M. Stat. Ann. §57-12-10

New York: N.Y. Gen. Bus. L. §§349 - 350

North Carolina: N.C. Gen. Stat. §§75-1 -75-56

North Dakota: N.D. Cent. Code §51-15-02

Ohio: Ohio Rev. Code Ann. § 1345

Oklahoma: Okla. Stat. Tit. 15 §753

Oregon: Ore. Rev. Stat. §§646.605 - 646.642

Pennsylvania: 73 Pa. Stat. §201, et seq.

Rhode Island: R.I. Rev. L. Ann. §§6-13.1-1 - 6-13.1-11

South Carolina: S.C. Code §39-5-20, et. seq

South Dakota: S.D. Compo L. §§37-24-1 37-24-35

Tennessee: Tenn. Code Ann. §47-18-101 et seq.

Texas: Tex. Rev. Civ. Stat. §§17.41-17.63

Utah: Utah Code Ann. §13-11-19

Vermont: Vt. Stat. Ann. §§2451 - 2462

Virginia: Va. Code §59.1-200, et. seq.

Washington: RCW §19-86-010, et seq.

West Virginia: W. Va. Code Ann. §46A-6-104

Wisconsin: Wis. Stat. Ann. §100.18

Wyoming: Wyo. Stat. §40-12-105, et.seq.

## SECOND CAUSE OF ACTION

### Unjust Enrichment

40.     Plaintiff, on behalf of himself and on behalf of all others similarly situated, realleges and incorporates herein by reference each of the foregoing paragraphs.

41.     To the detriment of Plaintiff and members of the Class, Defendant has been, and continues to be, unjustly enriched as a result of the unlawful and/or wrongful acts described herein, and continue to benefit at the expense and detriment of Plaintiff and members of the Class.

42.     Defendant has benefited from its unlawful acts, and it would be inequitable for Defendant to be permitted to retain any of the ill-gotten gains resulting from the unlawful or wrongful acts described herein.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests on behalf of himself and other members of the Class, for judgment against Defendant as follows:

1.     For preliminary and permanent injunctive relief enjoining Defendant, its agents, servants and employees, and all persons acting in concert with Defendant, from engaging in, and

continuing to engage in, the unfair, unlawful and/or fraudulent business practices alleged above and that may yet be discovered in the prosecution of this action;

2.      For certification of the putative Class;

3.      For damages, restitution and disgorgement of all money or property wrongfully obtained by Defendant by means of its herein-alleged unlawful, unfair, and fraudulent business practices;

4.      Recovery of the amounts by which Defendant has been unjustly enriched;

5.      For an accounting by Defendant for any and all profits derived by Defendant from its herein-alleged unlawful, unfair and/or fraudulent conduct and/or business practices;

6.      For attorneys' fees and expenses pursuant to all applicable laws including;

7.      For costs of suit; and for such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury.


Dated: February 9, 2015      **CAFFERTY CLOBES MERIWETHER & SPRENGEL LLP**


By:      *s/ Dom J. Rizzi*
Dom J. Rizzi
30 North LaSalle Street
Suite 3200
Chicago, Il 60602
Telephone: (312) 782-4880
Facsimile: (312) 782-4485
E-mail: drizzi@caffertyclobes.com

**GLANCY BINKOW & GOLDBERG LLP**
Lionel Z. Glancy
Marc L. Godino
Mark Greenstone
1925 Century Park East, Suite 2100
Los Angeles, CA  90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160
E-mail: info@glancylaw.com

*Attorneys for Plaintiff Justin Allsup*